UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROGER ANTHONY KING,

    Plaintiff,

v.                                                      Case No.:  6:22-cv-2277-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Roger Anthony King seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

On June 7, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on April 29, 2019. (Tr. 119, 120, 358-365). The applications were denied initially and on reconsideration. (Tr. 119, 120, 139, 140). Plaintiff requested a hearing and on February 2, 2022, a hearing was held before Administrative Law Judge Jennifer Pustizzi ("ALJ"). (Tr. 83-103). On April 12, 2022, the ALJ entered a decision finding Plaintiff not under a disability from April 29, 2019, through the date of the decision. (Tr. 51-58).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 18 2022. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) filed on December 8, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 21).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2024. (Tr. 53). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 29, 2019, the alleged onset date. (Tr. 53). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative

disc disease and degenerative joint disease of the hips." (Tr. 53). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 54).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 [C.F.R. §§] 404.1567(c) and 416.967(c) except the individual can frequently climb ramps and stairs; and can frequently stoop.

(Tr. 54).

At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a yard worker as actually performed. (Tr. 58). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 58). The ALJ concluded that Plaintiff had not been under a disability from April 29, 2019, through the date of the decision. (Tr. 58).

## II. Analysis

On appeal, Plaintiff raises one issue: whether the ALJ erred by failing to properly evaluate the full limiting effects of Plaintiff's impairments consistent with

SSA authority and Eleventh Circuit precedent. (Doc. 26, p. 3). Within this one issue, Plaintiff raises the following issues:

(1) Whether substantial evidence supports the ALJ's RFC assessment for medium work;

(2) Whether the ALJ erred in her consideration of the medical evidence in determining Plaintiff's RFC; and

(3) Whether substantial evidence supports the ALJ's subjective complaint analysis.

(Doc. 26). The Court begins with the ALJ's assessment of the medical evidence.

### A. The ALJ's Assessment of the Medical Evidence

Plaintiff contends that the ALJ failed to properly evaluate the opinion evidence of Jerry Jacobson, M.D. and Pedro Rodriguez, M.D. (Doc. 26, p. 11). Plaintiff claims that the ALJ's rational to find these opinions unpersuasive is based on mischaracterization of the record, including the ALJ citing only selective portions of the record and the ALJ providing lay analysis. (Doc. 26, p. 12). Plaintiff also claims substantial evidence does not support the ALJ's decision. (Doc. 12, p. 26). The same legal authority applies to both of these opinions.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior

administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

1. **Dr. Jacobson's Opinion**

On August 30, 2019, Jerry Jacobson, M.D. conducted a consultative examination of Plaintiff. (Tr. 637-43). Plaintiff reported acute low back pain due to a work-related injury that occurred in April 2019. (Tr. 637). Dr. Jacobson reviewed a CT Scan of the lumbar spine done on April 22, 2019, which showed in part: multilevel disk space narrowing; multilevel endplate degenerative changes and

posterior element arthropathy; and moderate posterior disc bulge at L1-2 with resulting at least mild central canal stenosis at this level. (Tr. 673).

As a result of the work injury, Plaintiff reported, he had difficulty with standing straight, prolonged standing, and prolonged walking. (Tr. 637). His last date of work as a landscaper was May 22, 2019. (Tr. 637). He also reported he needed either a walker or a shopping cart to walk any distance. (Tr. 637). He stated he could not stand upright without a back support, but could sit for 4-6 hours without difficulty. (Tr. 637). He also reported he was capable of performing activities of daily living, including bathing, dressing, transferring, toileting, continence, and self-feeding. (Tr. 637).

At the exam, Plaintiff was able to get on and off the exam table without assistance. (Tr. 638). Dr. Jacobson found Plaintiff's spine showed no point tenderness, no paravertebral muscle spasms of the lumbar spine, mild tenderness to bilateral paraspinal muscles in the L-spine regions, no pain for leg raises, and no evidence of weakness. (Tr. 639). He found Plaintiff's spine range of motion was normal except for cervical spine lateral flexion, and lumbar spine forward flexion and extension. (Tr. 639, 641).

As to lower extremities, Dr. Jacobson found full range of motion of the hips, knees, ankles, and feet except Plaintiff's internal and external hip rotation was 50% of full range. (Tr. 639. 642). Plaintiff was able to ambulate in a normal, steady

fashion without assistance, but his balance was fair.[1] (Tr. 639, 643). Dr. Jacobson found Plaintiff in no acute distress, had normal ambulation without assistance, and had normal grip and manipulation skills. (Tr. 640). He concluded, "[f]rom a physical standpoint he is capable of light duties." (Tr. 640). After the range of motion study, Dr. Jacobson found Plaintiff had a slow and steady gait, fair balance, normal heel/toe ambulation, 90-degree straight leg raises bilaterally, and no use of assistive devices. (Tr. 643).

In the decision, the ALJ found Dr. Jacobson's opinion that Plaintiff was capable of light duties unpersuasive. (Tr. 57). She found:

> [Dr. Jacobson's opinion] is inconsistent with and not supported by the objective medical evidence, including the unremarkable findings from his examination of the claimant. The claimant had some reduced range of motion in his lumbar spine, but straight leg raise testing was negative, his gait was steady, he was not using an assistive device, and he had full range of motion in his upper and lower extremities (Ex. 4F). The claimant's symptoms have been stable without any significant treatment. He is independent with daily activities. The claimant's impairments would not preclude the performance of medium work.

(Tr. 57).

In sum, the ALJ found Dr. Jacobson's opinion that Plaintiff was capable of light duties unsupported by his unremarkable examination findings that included

---

[1] In the impression section, Dr. Jacobson noted Plaintiff's balance was good rather than fair as he found on examination, but later, Dr. Jacobson repeated that his balance was only fair. (*Compare* 639, 643, *with* 640).

only a reduced range of motion in the lumbar spine. (Tr. 57). Otherwise, the ALJ found Dr. Jacobson's examination showed negative straight leg raises, steady gait, no use of an assistive device, able to do daily activities, and capable of a full range of motion in the upper and lower extremities. (Tr. 57).

The ALJ's reasoning as to the supportability of Dr. Jacobson's limitation to light duties was lacking. In contrast to the ALJ's summary of normal findings, Dr. Jacobson also found that Plaintiff's balance was fair, his gait was slow and steady, and his range of motion for both internal and external rotation of the hips was limited by 50%. The limitation of a slow gait coupled with reduced hip rotation calls into question the ALJ's unpersuasive finding of being limited to light duties and her finding that Plaintiff was capable of work at a medium level, such as lifting 50 pounds at a time, frequent lifting of 25 pounds, and standing or walking for about 6 hours in an 8-hour workday. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c); SSR 83-10, 1983 WL 31251. And while Plaintiff reported being able to handle daily activities, the activities included bathing, dressing, transferring, toileting, continence, and self-feeding, none of which support being capable of performing work at medium level, such as returning to a landscaping job. Plus, the ALJ simply stated that Dr. Jacobson's opinion was inconsistent, but did not provide much reasoning to support this statement.

### 2. Dr. Rodriguez's Opinion

Pedro Rodriguez, M.D. treated Plaintiff in June and July 2019 for lower back pain from a sudden move while working doing yard work as a landscaper. (Tr. 625-35). Dr. Rodriguez noted that Plaintiff was "clearly in moderate to severe pain. With limited ability to walk, sit, or stand." (Tr. 626). He reviewed a CT Scan, which showed, "lower spine was remarkable for bulging of L2-L3, which appears to be biggest source of pain." (Tr. 626). Dr. Rodriguez noted that his biggest challenge was pain management for Plaintiff, but he could not provide that service. (Tr. 626). He advised Plaintiff to refrain from heavy lifting and /or strenuous activity. (Tr. 626). He also advised Plaintiff to apply for social security disability, "as I don't expect this patient to improve. On the contrary, I expect him to deteriorate with time." (Tr. 626).

In the decision, the ALJ found Dr. Rodriguez's opinion that Plaintiff should avoid heavy lifting to be persuasive because it was consistent with and supported by the objective medical evidence. (Tr. 57). The ALJ further found that Plaintiff had a history of back pain, which supported limiting him to medium rather than heavy work. (Tr. 57). The ALJ found the rest of Dr. Rodrigue's opinion unpersuasive for these reasons:

> [I]t is inconsistent with and not supported by the objective medical evidence. The claimant's symptoms have been stable without any significant treatment. It appears that the claimant has not been treated by Dr. Rodriguez since July 2019 and Dr. Rodriguez's findings were scant when compared to the generally unremarkable findings from the consultative exam.

> At the August 2019 consultative exam, the claimant was not using an assistive device at the consultative exam, his gait was steady, and he had full range of motion in his extremities (Ex. 4F). The claimant is independent with daily activities. Dr. Rodriguez's prognosis that the claimant's condition is expected to deteriorate is speculative and inconsistent with more recent imaging of the claimant's findings, which showed only moderate degenerative changes (Ex. 5F). Notably, the determination of whether an individual is "disabled" under the Social Security Act is an administrative finding that is reserved for the Commissioner (20 [C.F.R. §§] 404.1527(e) and 416.927(e)).

(Tr. 57).

The ALJ found Dr. Rodriguez's findings "scant" compared to Dr. Jacobson's consultative examination. (Tr. 57). The ALJ reiterated that at the consultative exam, Plaintiff did not use an assistive device, had steady gait, had a full range of motion in his extremities, and was independent with daily activities. (Tr. 57). As stated above, Dr. Jacobson also found that Plaintiff's balance was fair, his gait was slow and steady, and his range of motion for both internal and external rotation of the hips with limited by 50%. These findings plus his daily activities of basically self-care, did not support the decision that he was capable of performing medium-level work, such as returning to his previous landscaping or yardwork job.

Lastly, the ALJ found Dr. Rodriguez's opinion unpersuasive because his prognosis that Plaintiff's condition was expected to deteriorate was speculative and inconsistent with Plaintiff recent images showing only moderate degenerative changes. (Tr. 57). In December 2020, Plaintiff underwent a CT scan due to back

pain. (Tr. 647). There was diffuse intervertebral disc space narrowing throughout the lumbar spine with disc bulges throughout the lumbar spine. (Tr. 647). The impression was moderate degenerative changes when compared to an April 2919 CT Scan. (Tr. 647). In January 2021, Plaintiff also had x-rays of the hips, which showed mild arthritic degenerative changes and narrowing of both hip joints. . (Tr. 645-46). Just as Dr. Rodriguez posited, these tests showed that Plaintiff's condition had not improved and had in fact deteriorated over time. (*See* Tr. 626, 645-47). Thus, the ALJ's reasons to find most of Dr. Rodriguez's opinion unpersuasive were not supported by substantial evidence.[2]

B.  **Remaining Issues**

Plaintiff also challenges whether substantial evidence supports the ALJ's RFC assessment for medium work; and whether substantial evidence supports the ALJ's subjective complaint analysis. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

---

[2] The Court is aware that it may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, substantial evidence does not support the ALJ's decision as to the persuasiveness of the opinions of Dr. Jacobson and Dr. Rodriguez.

## III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical evidence of record, Plaintiff's RFC, and Plaintiff's subjective complaints along with all the medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties